GEORGE L. HARRISON v. JAMES MOSELEY.

A charge which in substance assumes that he who received a blow for words spoken may not return the blow in self-defense is erroneous.

The appellant, against whom a judgment had been rendered for assault and battery, appealed, and died pending the appeal. The whole proceeding abates. (Paschal's Dig., Art. 18, Note 229; Gibbs v. Belcher, 30 Tex., 79.)

APPEAL from Madison. The case was tried before Hon. NATHANIEL H. DAVIS, one of the district judges.

It is enough to say that the appellee recovered a judgment of $400 against appellant for an assault and battery. The facts were few. The appellee had choked an old man, and, while trying to renew the assault, the appellant interfered, and said, "Fight a man," or, "Fight me," or words to that effect. The appellee struck the appellant, who returned the blows and "gouged" the appellee, whereof he suffered a good deal. Pending the appeal the appellant died, and the judgment died with him.

*Baker & Maxey*, for appellant, argued the case upon the merits.

No brief for the appellee has been furnished to the *Reporter*.

MORRILL, C. J.—The judge charged the jury: "A man who goes where others are quarreling or fighting and says, in substance, to either, that, if he wants to fight, to fight him, or words to that effect, and is struck with the fist by the one thus addressed, he cannot be said to fight in necessary self-defense."

The testimony in the district court was to the effect that the plaintiff had been choking an old man of seventy years of age, and was endeavoring to renew his attacks on the old man, but was restrained by the bystanders, when the defendant addressed the plaintiff in words as stated in the charge. Under such circumstances we believe the charge was erroneous. The defendant had a right to make use of such language as was well calculated to cause the plaintiff to reflect upon the impropriety of an assault upon an old man, and at the same time assure the plaintiff that he would defend himself if wantonly attacked. We do not deem it necessary to extend our remarks, since the plaintiff has departed this life, and upon a reversal of the judgment the suit will abate in the district court. Agreeably to the uniform practice of this court, which is a *quasi* law, we could not have jurisdiction, in consequence of the death of the party defendant. And as by the common law actions of a purely personal nature die with the person, and a legal representative cannot appear and defend, the suit necessarily abates.

ORDERED ACCORDINGLY.